UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SHAVERS,

     Plaintiff,

v.

ROBERT CROMPTON, et al.,

     Defendants.

Case No.  26-12512
Honorable Laurie J. Michelson

---

**ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

---

Michael Shavers is presently incarcerated at the Oaks Correctional Facility in Manistee, Michigan. He brought this *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983 against four defendants employed at the Oaks Correctional Facility. This facility, however, is in the Western District of Michigan.

The proper venue for a civil action in federal court is generally governed by 28 U.S.C. § 1391. That statute provides, in relevant part, that a civil action may be brought in either (1) a judicial district in which any defendant resides; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). If venue is improper in the district where a case is filed, but would be proper in another district, "a district court has the power to *sua sponte* transfer [the] case." *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

For venue purposes, Defendants are each considered residents of Manistee County. *See, e.g.*, *Brown v. Martino*, No. 24-13092, 2025 U.S. Dist. LEXIS 90943, *1 (E.D. Mich. May 12, 2025) (citing *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972)). Likewise, the events alleged in the complaint all occurred at the Oaks Correctional Facility in Manistee County. (*See generally* ECF No. 1).

Manistee County is part of the Western District of Michigan. 28 U.S.C. § 102(b). And none of the Defendants are residents of the Eastern District of Michigan. Nor did any of the acts alleged in Shavers' complaint take place in the Eastern District. Because there is no apparent basis for venue to lie in this district, yet the complaint suggests that venue would be proper in the Western District, the Court finds that the interests of justice would be served by transferring the case to the district where it should have been filed in the first instance. 28 U.S.C. § 1406(a).

Thus, this case shall be transferred to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a).

IT IS SO ORDERED.

Dated: July 23, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

2